# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17CV91

| | |
|---|---|
| PAUL DAVID BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 11, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be DENIED, and the Commissioner's motion for summary judgment be GRANTED.

## I.   Procedural History

On September 25, 2013, Plaintiff filed an application for supplemental security income ("SSI").[1]  (Transcript of Administrative Record ("T.") 15.)  Plaintiff alleged a disability onset date of June 15, 2007. (T. 15.)  The Social Security Administration denied Plaintiff's claim initially on October 23, 2013.  (T. 15.)  The claim was denied upon

---

[1] This is Plaintiff's third application for disability benefits.  (T. 15.)

reconsideration on December 13, 2013. (T. 15.) On January 23, 2014, Plaintiff filed a written request for a hearing. (T. 15.)

On August 7, 2015, Plaintiff appeared and testified at a hearing held in Charlotte, North Carolina. (T. 15.) Leanna L. Hollenback, a vocational expert ("VE"), also appeared at the hearing. (T. 15.) On August 27, 2015, the ALJ issued a decision finding that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 25, 2013, the date his application was filed. (T. 26.)

Plaintiff requested review of the ALJ's decision. (T. 6-8.) The Appeals Council denied Plaintiff's request for review. (T. 6.) On June 1, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II.  Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or medically equal the severity of one or more of the listing of

impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled, and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant

3

numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III. The ALJ's Decision

In his August 27, 2015, decision, the ALJ found that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (T. 26.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since September 25, 2013, the application date (20 C.F.R. § 416.971 et seq.).[2]

(2) The claimant has the following severe impairment: benign essential tremors (20 C.F.R. § 416.920(c)).[3]

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

(4) The claimant has the RFC to perform a full range of work at all

---

[2] Plaintiff's date last insured is not relevant to his claim for SSI. See Redditt v. Colvin, No. 7:13CV391, 2014 WL 2800820, at *4 n.3 (W.D. Va. June 18, 2018) (citing Henley v. Comm'r of Soc. Sec., 58 F.3d 210, 213 (6th Cir. 1995) ("Insurability is a prerequisite to receipt of disability benefits but not to receipt of SSI benefits.")).

[3] The ALJ found that Plaintiff's anxiety and tobacco impairments were nonsevere. (T. 19.)

exertional levels but with the following nonexertional limitations: he is limited to frequent, but not constant use of his bilateral upper extremities for fingering activities; and he is restricted from concentrated exposure to unprotected heights and dangerous machines.

(5) The claimant has no past relevant work (20 C.F.R. § 416.1565).

(6) The claimant was born on October 3, 1962 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 C.F.R. § 416.963).

(7) The claimant has a marginal education and is able to communicate in English (20 C.F.R. § 416.964).

(8) Transferability of jobs skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

(9) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).[4]

(10) The claimant has not been under a disability, as defined in the Social Security Act, since September 25, 2013 (20 C.F.R. § 416.920(g)).

(T. 15-26.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through

---

[4] The VE testified that Plaintiff could perform the following representative jobs: inspector/hand packager, laundry worker, and bagger/stocker. (T. 25.)

5

application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

**V.    Discussion**

In Plaintiff's sole assignment of error, he argues that the ALJ's finding at step two in the sequential evaluation is not supported by substantial evidence. Pl.'s Mem. Supp. (# 12) at 3-8. In particular, Plaintiff contends that his back and shoulder problems are severe impairments. Id. at 5-7. Plaintiff concludes that the final decision of the Commissioner should be vacated, or the case should be remanded for further proceedings. Id. at 8.

Plaintiff bears the burden of proof and production at the second step of the sequential evaluation. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (citing Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983)). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). An impairment or combination of

impairments is deemed "severe" "if it significantly limits [the claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. § 416.920(c); accord Riggs v. Berryhill, No. 4:16-CV-00011-F, 2017 WL 1102620, at *2 n.4 (E.D.N.C. Mar. 24, 2017); see Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1 (July 2, 1996). "Basic work activities" refers to the "abilities and aptitudes to do most jobs," which include standing, walking, lifting, or responding to other people, using judgment, and dealing with common workplace situations. 20 C.F.R. § 416.921(b)[5]; accord Yates v. Comm'r of Soc. Sec., No. 4:161-CV-00059, 2018 WL 1249926, at *3 (W.D. Va. Feb. 16, 2018). An impairment may be deemed "'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (citation and emphasis omitted); Cook v. Berryhill, No. 2:17-CV-03374, 2017 WL 6614895, at *12 (S.D. W.Va. Nov. 22, 2017).

A review of the record reveals the following: At Plaintiff's August 7, 2015 hearing before the ALJ, his attorney represented that his primary problem was an "essential tremor," which she described as a "somewhat unusual neurological condition." (T. 35.) Plaintiff also represented that his "main problem" was his tremor. (T. 55.) Plaintiff's counsel noted that Plaintiff had a series of emergency room ("ER") visits for shoulder pain that radiated down into his left arm and caused numbness in a finger on his left hand. (T. 35-36.) Plaintiff's counsel explained that Plaintiff did not have the resources to get the

---

[5] The statute applicable in this case is the version in effect on the date of the ALJ's decision, August 27, 2015.

MRI that was recommended. (T. 37.)

When asked why he was not working, Plaintiff explained that, in part, he suffers with pain in his shoulders whenever he does something that involves lifting. (T. 42-43.) Plaintiff explained that overhead lifting is a problem. (T. 50-51.) Plaintiff testified that he can bend down and pick up a 25 pound box, but he cannot do so repeatedly. (T. 50.) The ALJ noted that Plaintiff had several ER visits for pain. (T. 51-52.) Plaintiff explained that other than those ER visits, he has not had the opportunity to get treatment, such as an orthopedic evaluation. (T. 52.)

In the ALJ's opinion, he notes that in February 2014, Plaintiff was seen by his primary care provider with complaints of lower back pain. (T. 20.) Plaintiff described the pain as acute and a "dull ache." (T. 20.) Plaintiff said his pain did not radiate, and there were no precipitating factors. (T. 20.) Plaintiff said his pain had been associated with back stiffness, but he denied any arthritis or peripheral joint pain, flank pain, or hip pain. (T. 20.) Upon examination, Plaintiff had tenderness in his lumbosacral spine but no swelling. (T. 20.) Plaintiff's range of motion testing was limited as a result of his pain, and his posture was antalgic. (T. 20.) Plaintiff's straight leg raising test was negative. (T. 20.) Plaintiff also had normal strength, coordination, and muscle tone. (T. 20.) X-rays of Plaintiff's lumbar spine were normal with normally maintained intervertebral disc height, intact vertical alignment, no compression fractures, and no degenerative changes. (T. 20.)

The ALJ noted that Plaintiff had not sought or been referred to an orthopedic

specialist.[6]  (T. 20.)  The ALJ found that it did not appear from the evidence that Plaintiff's alleged musculoskeletal pain caused more than a minimal impact on his ability to perform work activities.  (T. 20.)  The ALJ concluded that there was insufficient medical evidence to support a finding that Plaintiff had any type of medically determinable spinal impairment, joint impairment, or other musculoskeletal ailment.  (T. 20.)

Plaintiff's argument must fail because he has not identified functional limitations greater than the ALJ's RFC finding.  See King v. Astrue, No. 3:10CV536-RJC-DSC-2011 WL 6032707, at *3 (W.D.N.C. May 24, 2011) ("Plaintiff points to no additional limitation the ALJ should have included."); Pl.'s Mem. Supp. (# 12).  Similarly, Plaintiff does not refer the Court to any functional limitations associated with back and shoulder problems in the record.  See Pl.'s Mem. Supp. (# 12).  Even if a plaintiff can show a diagnosis of a potentially disabling impairment, he still bears the burden of demonstrating that he suffers functional loss resulting therefrom.  Gross, 785 F.2d at 1166 (citing Sitar v. Schweiker, 671 F.2d 19, 20-21 (1st Cir. 1982)); Felton-Miller v. Astrue, 459 F. App'x 226, 229-30 (4th Cir. 2011) (per curiam) ("[M]edical conditions alone do not entitle a claimant to disability benefits; '[t]here must be a showing of related functional loss.'"); see also

---

[6] Plaintiff claims that the ALJ erred by concluding that Plaintiff had not sought treatment by an orthopedic specialist because he lacks the resources to get such treatment.  Pl.'s Mem. Supp. (# 12) at 5-6.  It is well-established that a claimant for Social Security benefits should not be "penalized for failing to seek treatment [he] cannot afford."  Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986).  That having been said, any error was harmless in light of Plaintiff's failure to demonstrate functional limitations greater than the ALJ's RFC finding. See Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (recognizing that errors are reviewed under the harmless error doctrine); see also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

9

Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) (finding that the ALJ properly focused on the claimant's actual functional limitations as opposed to the claimant's diagnosis).

In sum, the Law Judge's finding at step two is consistent with relevant legal precedent and supported by substantial evidence. See Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007) ("Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard[.]" (internal citation omitted)). Accordingly, Plaintiff's sole assignment of error is overruled.

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 11) be DENIED, and the Commissioner's motion for summary judgment (# 13) be GRANTED.

Signed: July 19, 2018

_____

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).